UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-272-MOC-DSC

| | |
|---|---|
| PHILIPS NORTH AMERICA, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| DALE E. DOROW and WILLIAM M. GRISWOLD, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff Philips North America LLC's ("Philips") Motion to Dismiss Defendants' Counterclaim for Failure to State a Claim. (Doc. No. 51).

## I. BACKGROUND

Defendants filed their opposed Motion for Leave to Amend on October 1, 2020 after unsuccessfully seeking consent from Philips. (Doc. No. 45).

On October 15, 2020, Philips filed its opposition brief, arguing, among other things, that Defendants' counterclaim was: (1) untimely; (2) derivative of counterclaims asserted by Defendants' employer; and (3) preempted by the Federal Food, Drug, and Cosmetic Act. (See Doc. No. 47). Philips argued that the amendment was futile because "it would not withstand a motion to dismiss" and that the proffered allegations "failed to state a claim." Id. at 8.

On November 20, the Court granted Defendants' Motion for Leave to Amend, holding:

Defendants seeks to amend their Answer to add a counterclaim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1 et seq. The Court has carefully examined the record, the parties' arguments and the applicable

1

authorities. The Court finds that the proposed amendment will not result in undue delay or prejudice to Plaintiff, and that it is not futile or made in bad faith.

(Doc. No. 49 at 2). Defendants thereafter filed an Amended Answer and Counterclaim on November 23, 2020. (Doc. No. 50).

Defendants' "[counter]claim stems from Philips' extensive unfair and deceptive trade practices undertaken to illegally acquire and maintain a dominant position in the aftermarket for the servicing of Philips' medical imaging devices." (Doc. No 50 at ¶ 1). Defendant Dale Dorow is a Technical Solutions Manager and Defendant William Griswold is an Advanced Repair Manager employed by Transtate Equipment Company, Inc. ("Transtate"), an independent service organization ("ISO") "that provides maintenance and support services for certain medical systems at hospitals and medical centers across the country." (Id. at ¶¶ 12-15). Philips, an original equipment manufacturer ("OEM"), competes with Transtate "for service contracts with hospitals and medical centers that purchase Philips' systems." (Id. at ¶ 15). Defendants' UDTPA claim alleges, inter alia:

> Philips' deliberate acts and practices . . . hinder, and sometimes cripple, Counterclaim Plaintiffs' ability to timely and effectively service Philips' medical imaging devices at hospital and medical centers throughout the nation, including North Carolina. For example, Philips has, among other things, erected obstructions or made impossible the obtaining of necessary device servicing manuals, technical specifications, quality replacement parts, and access to OEM training.

(Id. at ¶ 20). Specifically, Defendants allege that Philips' unfair acts—which must be taken as true for purposes of the present Motion—include at least:

- **Improperly and Unfairly Restricting Access to Information.** "Philips improperly restricts access to information that should be available to its customers and personnel that service Philips imaging devices, such as Counterclaim Plaintiffs" (id. at ¶ 37), including by making its electronic repository, InCenter unavailable (id. at ¶ 40), adding arbitrary "expiration" dates to electronic documents (id. at ¶ 45), improperly and arbitrarily changing entitlements (id. at ¶ 49), and improperly withholding allegedly trade secret

2

materials— including those publicly disseminated, required to be made available, and/or previously disseminated by Philips itself (id. at ¶¶ 33, 34, 37, 51, 58, 59).

- **Improperly and Unfairly Restricting Access to Medical Systems.** "Philips further improperly restricts AIAT access by locking out and forcing device owners to contact Philips to establish basic system configuration items for Philips medical imaging devices" (id. at ¶ 55), "Philips has repeatedly made cath labs inaccessible for AIAT service by failing to set the equipment's Field Service Framework to a Service Organization Identifier ("SOID") value of 6446" (id. at ¶ 54), and "substantially delay[s] . . . sometimes taking months to set the SOID value" after being contacted (id.).
- **Unfairly Attempting to Entrap Defendants Based on Prior Representations.** "Counterclaim Plaintiffs detrimentally relied on the unrestricted availability of" "software or other tools that Philips provided to them or Transtate" (id. at ¶ 72), "materials made available to them through InCenter without further restriction that were accessible using Philips-issued log-in credentials and/or IST access" (id. at ¶ 72), "book boxes, including user manuals and service manuals and other materials made available to them by Philips" (id. at ¶ 71), and "materials freely available and shared among Philips employees and non- employees without restriction" (id. at ¶ 70). "Given Philips' pivot to now claiming trade secret protection . . . such representations amount to an unfair and deceptive trade practice." (Id.)

Thus, Defendants claim that Philips' extensive unfair and deceptive acts and practices illegally interfere with Defendants' livelihood and unfairly suppress legitimate competition for the servicing of Philips-manufactured medical imaging devices. Defendants argue that Philips does this, in part, by its unfair and deceptive acts related to Defendants' personally that "have impacted [their] ability to perform [their] job, provide essential service to customers, including where there is a critical health and safety need, and maximize revenue generation, which has deflated [their] ability to obtain salary increases and bonuses." (Id. at ¶¶ 77–78).

Philips filed a motion to dismiss the above counterclaim on December 7, 2020 repeating many of the arguments made in its opposition to Defendants' motion to amend their complaint. (Doc. No. 51).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule

3

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

The Court has considered Philips' motion and reviewed the pleadings, including Philips' supporting Memorandum of Law (Doc. No. 52), Defendants' Memorandum in Opposition (Doc. No. 54), and the Philips' Reply (Doc. No. 55). Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time.

4

## III. CONCLUSION

Plaintiff's motion to dismiss is denied, and Plaintiff is welcome to reassert its arguments pending further development of the factual record through discovery.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss, (Doc. No. 51), is **DENIED.**

Signed: January 9, 2021

Max O. Cogburn Jr.
United States District Judge